**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **DOGLEG RIGHT PARTNERS, LP AND DOGLEG RIGHT CORPORATION,** | |
| **Plaintiffs,** | **Civil Action No. 2:07-CV-533-TJW/CE** |
| **v.** | |
| **TAYLORMADE GOLF COMPANY, INC.,** | |
| **Defendant.** | |

**DEFENDANT TAYLOR MADE'S MOTION FOR PARTIAL**
**SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT**

**I.**

**INTRODUCTION**

Defendant Taylor Made Golf Company, Inc. ("Taylor Made") hereby moves for partial summary judgment that Plaintiffs are not entitled to seek enhanced damages under 35 U.S.C. § 284 for alleged willful infringement. The grounds for this motion are that Plaintiffs cannot establish that Taylor Made "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," under the Federal Circuit's *en banc* and unanimous decision in *In re Seagate, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

The three patents-in-suit are U.S. Patent Nos. 7,004,852 ("the '852 patent"), 7,189,169 ("the '169 patent"), and 7,344,'450 ("the '450 patent"). In view of the Court's MEMORANDUM OPINION AND ORDER ("Claim Construction Order" or "CCO") dated March 22, 2011 (D.I. 103), Plaintiffs have agreed to stipulate that Taylor Made does not infringe the only asserted claim, claim 1, of the '852 patent. Since Plaintiffs concede they cannot establish

infringement of the '852 patent, which is a prerequisite for willful infringement, this motion focuses on alleged willfulness regarding the other two patents-in-suit.

Plaintiffs cannot satisfy their burden of proof for the '169 and '450 patents because the facts are indisputable that (1) Plaintiffs never gave Taylor Made notice of infringement prior to the filing of this lawsuit, and (2) after receiving notice via this lawsuit, Taylor Made has presented substantial and legitimate non-infringement and invalidity defenses in reexaminations before U.S. Patent and Trademark Office ("PTO") and in this litigation.

Case law recognizes failing to give notice of infringement as a factor negating willfulness. Plaintiffs' only communication to Taylor Made about the patents-in-suit prior to filing this lawsuit was a single letter inquiring about Taylor Made's interest in possibly licensing the '852 patent. Taylor Made did not respond, and Plaintiffs never followed up before commencing litigation. Plaintiffs did not communicate with Taylor Made in any way about the '169 patent before filing suit. And, the '450 patent issued after this lawsuit was filed; Plaintiffs only communication about it was to give notice of intent to seek leave to amend their complaint.

After Plaintiffs filed this lawsuit, Taylor Made promptly requested the PTO to reexamine the '852 and '169 patents. The PTO granted both requests and has consistently, in office action after office action, rejected every claim of both patents. These reexamination proceedings are now on appeal to the Board of Patent Appeals and Interferences ("BPAI") in the PTO.

Taylor Made also promptly requested the PTO to reexamine the '450 patent after it issued and was asserted in this case. The PTO likewise granted that request and initially rejected all claims of the '450 patent, but has since indicated that a few dependent claims are allowable, including one of the asserted claims. The '450 patent reexamination is not yet ripe for appeal.

Separately, Taylor Made submits that it is entitled to summary judgment of non-

infringement of all of the asserted claims of the patents-in-suit in view of the Court's recent claim construction rulings. Taylor Made also submits that it is entitled to summary judgment of invalidity over the prior art to the extent that Plaintiffs still assert infringement of the '169 and '450 patents. And, regardless of Plaintiffs' infringement position, Taylor Made further submits that it is entitled to summary judgment of invalidity of the '450 patent on the ground of lack of written description. Taylor Made's non-infringement and invalidity positions are set forth in detail in its concurrently-filed summary judgment motions, which Taylor Made incorporates by reference.

The *inter partes* reexamination results and the non-infringement and invalidity arguments presented in Taylor Made's summary judgment motions collectively establish that Plaintiffs cannot show by clear and convincing evidence that Taylor acted "despite an objectively high likelihood that its actions constituted infringement of a valid patent." Accordingly, any alleged infringement by Taylor Made could not have been willful, and Plaintiffs have no basis for continuing to seek enhanced damages under 35 U.S.C. § 284.

## II.
## FACTUAL BACKGROUND

### A.   Pre-suit Communications Regarding the Patents-In-Suit

The '852 patent issued on February 28, 2006. In a letter dated March 10, 2006, Plaintiffs' patent prosecution counsel sent a letter to Taylor Made providing a copy of the '852 patent and stating that Plaintiffs would be interested in discussing licensing of the patent with Taylor Made. (Clark Decl., ¶ 4 & Ex. A.) Taylor Made did not respond to the letter, and Plaintiffs never followed up with Taylor Made in any way (*id.*, ¶ 5 & Ex. B at 214:6-9, 214:17-22.)

The '169 patent issued on March 13, 2007. Plaintiffs did not communicate with Taylor Made about the '169 patent between its issuance and filing this action. (Clark Decl., ¶ 5 & Ex. B at 216:22-217:11.)

On December 7, 2007, Plaintiffs filed their complaint against Taylor Made alleging willful infringement of the '852 and '169 patents. (D.I. 1.)

The '450 patent issued on March 18, 2008. On March 28, 2008, Plaintiffs sought leave to file an amended complaint alleging willful infringement of the '450 patent. (D.I. 20.) Taylor Made did not oppose Plaintiffs' motion, and the first amended complaint was filed on August 28, 2008. (D.I. 30.)

B.    *Inter Partes* Reexaminations of the '852 and '169 patents

On April 7, 2008, Taylor Made filed requests for *inter partes* reexamination of all claims of the '852 patent, including asserted claim 1, and all claims of the '169 patent, including asserted claims 9, 10, 14 and 15. (Clark Decl., ¶ 6.) [1]  On June 19, 2008, the PTO granted Taylor Made's requests for *inter partes* reexamination, finding that Taylor Made presented substantial new questions of patentability. (*Id.*)

In an Office Action also mailed on June 19, 2008, the Patent Examiner rejected all claims of the '852 patent, including assert claim 1 as obvious over U.S. Patent No. 5,911,638 to Parente et al. ("Parente"), alone and in combination with other prior art. (Clark Decl., ¶ 7.) Also in an Office Action mailed June 19, 2008, the Patent Examiner rejected all claims of the '169 patent, including asserted claims 14 and 15 as anticipated by Parente, and asserted claims 9, 10 and 14 as obvious over Parente, alone or in combination with other art. (*Id.*, ¶ 7.)

After consideration of Plaintiffs' responses to the Office Actions and Taylor Made's comments, the Examiner maintained the rejections of all claims of the '852 patent, including

---

[1] Taylor Made has filed a REQUEST FOR JUDICIAL NOTICE ("Request") concurrently with this motion, requesting the Court to take judicial notice of the prosecution histories for the *inter partes* reexaminations of the three patents-in-suit before the U.S. Patent and Trademark Office ("PTO"). As set forth in the Request, the reexamination papers are viewable on the PTO's Public PAIR website, http://portal.uspto.gov/external/portal/pair, under Control Nos. 95/000,361 (the '852 patent), 95/000,362 (the '169 patent), and 95/000,378 (the '450 patent)

asserted claim 1, and all claims of the '169 patent, including asserted claims 9, 10, 14 and 15, in second Office Actions mailed June 8, 2009.  (Clark Decl., ¶ 8.)

On September 15, 2010, again after consideration of Plaintiffs' responses to the second Office Actions and Taylor Made's comments, the Patent Examiner issued Actions Closing Prosecution ("ACPs"), again maintaining her rejections of all claims of the '852 patent, including asserted claim 1, and all claims of the '169 patent, including asserted claims 9, 10, 14 and 15, as anticipated by or obvious over the prior art.  (Clark Decl., ¶ 9.)  On February 7, 2011, after having considered Plaintiffs responses to the ACPs and Taylor Made's comments, the Patent Examiner issued a Right of Appeal Notice in both reexaminations, again maintaining the rejections of all claims of the '852 and '169 patents.  (Clark Decl., ¶ 10.)  On March 7, 2011, Plaintiffs filed Notices of Appeal to the BPAI in both reexaminations.  (Clark Decl., ¶ 11.)

C.    *Inter Partes* **Reexamination of the '450 patent**

On June 19, 2008, Taylor Made filed a request for *inter partes* reexamination of all claims of the '450 patent, including asserted claims 1, 3, 5 and 8.[2]   (Clark Decl., ¶ 12.)   On December 19, 2008, the PTO granted Taylor Made's request for *inter partes* reexamination, finding that Taylor Made presented substantial new questions of patentability.  (*Id*., ¶ 13.)

In an Office Action mailed on March 25, 2009, the Examiner rejected all claims of the '450 patent, including asserted claims 1, 3, 5 and 8, as obvious over several combinations of prior art references.  (Clark Decl., ¶ 14.)  Plaintiffs filed a response to the Office Action and Taylor Made submitted comments shortly thereafter.   (*Id*.)   Due to a clerical error, Taylor Made's comments were deemed late and not considered by the Examiner.  (*Id*.)  Taylor Made's petitions to

---

[2] On October 6, 2008, Taylor Made filed a corrected request for *inter partes* reexamination of all claims of the '450 patent to address some procedural requests of the Patent Examiner.  No substantive changes were made to the request.  (Clark Decl., ¶ 12.)

the PTO to consider the comments were denied, and the Examiner subsequently issued an Action Closing Prosecution on September 15, 2010, maintaining her rejection of most claims, including asserted claims 1, 3 and 5, but withdrawing her rejection of a few dependent claims, including asserted claim 8.  (*Id.*.)  Although the Patent Examiner has not yet issued a Right of Appeal Notice, Taylor Made intends to appeal the allowance of claim 8, which merely recites attaching a weight by the well-known mechanical expedient of "press fitting."  (*Id.*)

**D.**     **Taylor Made's Non-Infringement and Invalidity Defenses**

        1.     Taylor Made's Defenses

            As set forth in its FIRST AMENDED ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT; AFFIRMATIVE DEFENSES; AND COUNTERCLAIMS (D.I. 56), Taylor Made has asserted non-infringement, invalidity under 35 U.S.C. §§ 102, 103 and 112, and unenforceability due to inequitable conduct in the procurement of the '852 patent, which Taylor Made alleges also renders the '169 and '450 patents unenforceable.

        2.     The Court's Claim Construction Ruling

            The Court in its Claim Construction Order adopted several claim constructions that are relevant to Taylor Made's non-infringement defenses, as referenced below and further discussed in DEFENDANT TAYLOR MADE'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT ("Non-Infringement Motion").

            The Court construed the term "wall" to mean "a distinct structure that forms a weight attachment surface on the interior of the shell."  (CCO, p. 21.)  The Court concluded that "the weighting material must be placed on 'interior' of the 'walls.'"  (*Id.*)

            The Court construed "opening" and "port" to mean "a hole completely through the shell, providing access to the inside of the cavity."  (CCO, p. 30.)  The Court explained that

            Although  Defendant  suggests  the  language  "user"  access,  it  is

> unclear whether this language would require the user to access the
> interior of the cavity directly, or whether access could occur through
> the use of a tool designed for the placement of weights in the interior
> of the cavity.  The claim language is broad enough to embrace both
> types of access.

(*Id*. at pp. 29-30).

The Court construed the phrase "said threadably attachable member having a weight user-repositionably secured thereon" to mean "the said threadably attachable member has a weight secured thereon such that the weight is detachable from the member to enable the user to move the weight to another location on the member or elsewhere within the shell."  (CCO, p. 32.)

3.      Plaintiffs Have Agreed to Stipulate to Non-Infringement of the '852 patent

Following the Court's Claim Construction Order, Plaintiffs offered to stipulate to non-infringement of the '852 patent based on the Court's construction of "said threadably attachable member having a weight user-repositionably secured thereon".  (Clark Decl., ¶¶ 15-16 & Ex. C.) Obviously this stipulation confirms that Taylor Made has had substantial and legitimate non-infringement defenses to the '852 patent and, thus, could not be liable for willful infringement of it.

4.      Taylor Made's Non-infringement Defenses Against The '169 and '450 patents Based
        On The Court's Claim Construction Order

As more fully described in Taylor Made's Non-Infringement Motion filed concurrently herewith, Taylor Made does not infringe any of the asserted claims of the remaining patents-in-suit (the '169 and '450 patents).

First, as required by *all* of the asserted claims of the remaining patents-in-suit, the Accused Products do not have weighting material on the interior of the walls of the shell.  All of the weights on the Accused Products are held in recesses or pockets on the exterior of the shell. (Non-Infringement Motion, pp. 7-20.)

Second, none of the Accused Products have an "opening" or "port," as required by

claims 9, 10, 14 and 15 of the '169 patent and claim 3 of the '450 patent.  (Non-Infringement Motion, pp. 20-21.)  Although the recesses or pockets have small holes through the shell, the holes are only 5 mm in diameter and do not allow a user, directly or indirectly with a tool, to access the interior cavity to place weighting material on the interior of the walls of the shell.  (*Id*.)

Third, the Accused Products do not infringe the "first arrangement" and "second arrangement" requirements of independent claim 1 of the '450 patent, or therefore any of the corresponding dependent claims 1, 3, 5 and 8 (*see* 35 U.S.C. § 112, fourth paragraph).  (Non-Infringement Motion, pp. 21-22.)  Properly construed, the claimed first and second arrangements require the weights to be moved to different locations within the golf club head.  (*Id*.)  The Accused Products, however, have three or four fixed locations for receiving weight screws such that the user cannot move the weights to entirely different locations.  (*Id*.)

Fourth, Plaintiffs cannot show that use of the Accused products satisfies the requirement of the second arrangement in claim 1 of the '450 patent of "moving the golf club head center of gravity forward of the original center of gravity in the general direction of a first axis extending between the face and back portion of the head."  (Non-Infringement Motion, pp. 22-25.)  Plaintiffs' expert failed to analyze or measure the movements of the center of gravity of the Accused Products with various weight arrangements.  (*Id*.)  Moreover, Taylor Made's expert has shown that a representative sample of the Accused Products cannot satisfy this requirement.  (*Id*.)

Finally, the Accused Products do not have soles "formed of one or more substantially planar surfaces at the bottom of the club head facing downwardly," as required by claim 1 of the '450 patent.  The surfaces of the soles of the Accused Products that face downwardly are primarily cylindrical and therefore are not "flat or nearly flat."  (Non-Infringement Motion, pp. 25-26.)

5.      Taylor Made's Invalidity Defenses Under 35 U.S.C. §§ 102-103

As more fully set forth in DEFENDANT TAYLOR MADE'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY ("Invalidity Motion"), the asserted claims of the '169 and '450 patents are invalid in view of the prior art under Plaintiffs' interpretations of the Court's claim construction rulings.  Plaintiffs seem to believe that the Court's claim construction rulings support their assertions of infringement by Taylor Made's accused r7 and R9 golf club heads.  If Plaintiffs were correct (which they are not), then the asserted claims of the '169 and '450 patents are invalid as anticipated by U.S. Patent No. 5,911,638 to Parente ("Parente") or obvious over Parente in view of U.S. Patent No. 3,652,094 to Glover.  (Invalidity Motion, pp. 6-12.)

6.      Taylor Made's Invalidity Defense Under 35 U.S.C. § 112(1)

As further set forth in Taylor Made's Invalidity Motion, the claims of the '450 patent are invalid under 35 U.S.C. § 112, first paragraph, for failing to satisfy the written description requirement.  Claim 1 of the '450 patent, and corresponding dependent claims 3, 5 and 8, relate to a "method for adjusting a center of gravity of a golf club head after its manufacture." Claim 1 recites the steps of "hitting golf balls with the club with the plurality of weights detachably secured in a first arrangement…" and then "forming a second arrangement with the plurality of weights…."  The '450 patent, however, does not describe any methods whatsoever for adjusting the center of gravity of a golf club by hitting golf balls in a first arrangement and then moving weights to a second arrangement.  Rather, the '450 patent only discloses the effects on ball flight of placing weights on various locations on the interior cavity of the golf club head.  (Col. 4, line 55 – col. 5, line 51.)  Thus, the '450 patent lacks support for the claimed method.  (Invalidity Motion, pp. 12-15.)

# III.

# LEGAL STANDARDS

## A.  Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED R. CIV. P. 56(c).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.  In making a summary judgment determination, the Court must view the evidence presented in the light most favorable to the non-moving party, drawing "all justifiable inferences . . . in his favor." *Id*. at 255.

The moving party in a summary judgment motion bears the initial responsibility of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party makes this initial showing, the nonmoving party must "designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (citation omitted).

Where the non-moving party bears the burden of proof at trial on an element essential to its case, that party must make a showing sufficient to establish a genuine issue of material fact with respect to the existence of that element in order to avoid summary judgment. *Id*. at 322.  To defeat a summary judgment motion, the opponent may not rely on the pleadings, but must affirmatively come forth with sufficient evidence to substantiate its claims or defenses. *Id*. at 324.  The evidence submitted by the nonmoving party must be "believed, and all justifiable inferences are to be drawn in [its] favor." *Keystone Retaining Wall Systems, Inc. v. Westrock, Inc.*,

997 F.2d 1444, 1449-50 (Fed. Cir. 1993).

**B.      Willfulness**

If infringement is found, then under 35 U.S.C. § 284, second paragraph, a district court, in its discretion, "may increase the damages up to three times the amount found or assessed." To be entitled to increased damages, Plaintiffs must establish willful infringement.  *Beatrice Foods Co. v. New England Printing & Lithography Co.*, 923 F.2d 1576, 1579 (Fed. Cir. 1991); *Seagate*, 497 F.3d at 1368.   Willful infringement is an issue of fact.   *Hoechst Celanese Corp. v. BP Chemicals LTD.*, 78 F.3d 1575, 1583 (Fed. Cir. 1996).   Plaintiffs burden of proof is clear and convincing evidence.   *Comark Commc'ns v. Harris Corp.*, 156 F.3d 1182, 1190 (Fed. Cir. 1998).

In *Seagate*, the Federal Circuit adopted a new standard for willful infringement, holding that "proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness."   *Seagate*, 497 F. 3d at 1371.   In order to establish willful infringement, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its action constituted infringement of a valid patent."   *Id*. The state of mind of the accused infringer is not relevant under the objective inquiry.   *Id*.   If the objective standard is met, "the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer."   *Id*.   The Court in *Seagate* abandoned the duty of due care standard and emphasized that there was no longer an affirmative obligation to obtain an opinion of counsel.   *Id*.

Legitimate defenses to infringement claims, even if unsuccessful, are sufficient to defeat a willful infringement claim post-*Seagate*.  *Deupy Spine, Inc. v. Medtronic Sofamor Danek*, 567 F.3d 1314 (Fed. Cir. 2009).  *See also Resqnet.com, Inc. v. Lansa, Inc.*, 533 F. Supp. 2d 397 (S.D.N.Y. 2008); *OPTi, Inc. v. Apple, Inc.*, 2009 WL 4727912 (E.D. TEx. Dec. 3, 2009 (Magistrate

Judge Everingham).   For example, proposing a reasonable claim construction under which an accused product would not infringe can result in a finding of no willful infringement, regardless of whether that claim construction was ultimately rejected by the Court.   *Cohesive Tech., Inc. v. Waters Corp.*, 543 F.3d 1351, 1374 (Fed. Cir. 2008); *Arlington Ind., Inc. v. Bridgeport Fittings, Inc.*, 692 F. Supp. 2d 487, 504 (M.D. Pa. 2010).   Additionally, credible invalidity arguments support a finding of no willful infringement.   *Black & Decker, Inc. v. Robert Bosch Tool Corp.*, 260 Fed. Appx. 284 (Fed. Cir. 2008) (unpublished); *Cordance Corp. v. Amazon.com, Inc.*, 639 F. Supp. 2d 406 (D. Del. 2009).   Such defenses establish the lack of an objectively high likelihood that the accused infringer's actions constituted infringement of a valid patent.

Additionally, evidence of success in a co-pending reexamination may defeat a willfulness claim.   *See, e.g., Plumley v. Mockett, et al.*, 2010 U.S. Dist. LEXIS 57254 (C.D. Cal. May 26, 2010); *Lucent Techs., Inc. v. Gateway, Inc.*, 2007 U.S. Dist. LEXIS 95934 (S.D. Cal. Oct. 30, 2007).

The objective prong of the *Seagate* willfulness test is particularly susceptible to summary judgment.   A significant number of courts have granted motions for summary judgment of no willful infringement on the basis of the objective prong.   *See, e.g., Wisconsin Alumni Research Foundation v. Intel Corp.*, 656 F. Supp. 2d 898 (W.D. Wis. 2009); *OPTi, Inc. v. Apple, Inc.*, 2009 WL 4727912 (E.D. Tex. Dec. 3, 2009) (Magistrate Judge Everingham); *Arlington Industries, Inc v. Bridgeport Fittings*, 615 F. Supp. 2d 337 (M.D. Pa. 2009); *Honeywell Int'l Inc. v. Universal Avionics Systems Corp.*, 585 F. Supp. 2d 636 (D. Del. 2008); *Lucent Tech., Inc. v. Gateway, Inc.*, 2007 U.S. Dist. LEXIS 95934 (S.D. Cal. Oct. 30, 2007).   *See also Transocean Offshore Deepwater v. Maersk*, 617 F.3d 1296, 1313 (Fed. Cir. 2010) (affirming district court's holding of summary judgment of no willfulness).

## IV.

## PLAINTIFFS CANNOT SATISFY THEIR BURDEN OF PROVING THAT TAYLOR MADE'S ALLEGED INFRINGEMENT OF THE PATENTS-IN-SUIT HAS BEEN WILLFUL

### A.   Plaintiffs Did Not Provide Any Pre-Suit Notice Of Infringement Of The Patents-In-Suit To Taylor Made

Plaintiffs failed to provide actual notice of infringement to Taylor Made prior to the filing of this lawsuit.  As noted, in March 2006 Plaintiffs sent a letter to Taylor Made stating that the '852 patent had recently issued and that Plaintiffs would be interested in discussing licensing of the patent with Taylor Made.  (Clark Decl., ¶ 4 & Ex. A.)  The letter did not mention any of the accused products or charge Taylor Made with infringement of the '852 patent.  (*Id.*)  The letter did not even indicate that Plaintiffs believed Taylor Made needed a license under the '852 patent.  (*Id.*)  Thus, the letter failed to provide actual notice of infringement.  Moreover, Plaintiffs have now agreed to stipulate to non-infringement of the '852 patent.  (Clark Decl., ¶¶ 15-16 & Ex. C.)

Plaintiffs did not conduct any follow-up to the March 2006 letter by telephone, subsequent letters, or otherwise.  (Clark Decl., ¶ 5 & Ex. B at 214:6-9, 214:17-22.)  Although the '169 patent issued in March 2007, Plaintiffs did not send any pre-suit letter or other communication to Taylor Made regarding the '169 patent.  (*Id.*, ¶ 5 & Ex. B at 216:22-217:11.)  Rather, Plaintiffs simply filed this lawsuit in December 2007, alleging that Taylor Made was willfully infringing the '852 and '169 patents.  (D.I. 1.)

Plaintiffs thus failed to provide any notice of infringement to Taylor Made prior to filing this lawsuit.  Such a failure goes against a finding that Taylor Made was objectively reckless, or that there was an "objectively high likelihood" that Taylor Made's actions constituted infringement of a valid patent.  *See, e.g., LG Display Co., Ltd. v. Au Optronics Corp.*, 722 F. Supp. 2d 466, 470-71 (D. Del. 2010) (finding no willful infringement where the accused infringer

lacked actual or constructive notice of infringement and had legitimate defenses to infringement claims); *Cordance Corp. v. Amazon.Com, Inc.*, 639 F. Supp. 2d 406 (D. Del. 2009) (granting motion for summary judgment of no willful infringement where the accused infringer had legitimate defenses and lacked actual notice of infringement, but had knowledge of one or more of the patents through prosecution of its own patents).

**B.**     **The PTO's Granting Of The Reexamination Request, Consistent Rejections, And Final Determination That The Asserted Claims Of The '169 patent Are Invalid Establishes That Taylor Made Could Not Have Been Objectively Reckless**

Taylor Made submits that the Patent Examiner's granting of the reexamination request, consistent and repeated rejections, and final determination that all of the claims of the '169 patent, including the asserted claims, are invalid in the co-pending *inter partes* reexamination establishes, as a matter of law, that Taylor Made's alleged infringement was not "objectively reckless."

Several district courts have found no willful infringement based on the existence of a pending reexamination and/or where the PTO had rejected claims in the reexamination.  For example, in *Lucent Techs., Inc. v. Gateway, Inc.*, 2007 U.S. Dist. LEXIS 95934 (S.D. Cal. Oct. 30, 2007), the court granted summary judgment of no willful infringement where the PTO had merely granted *ex parte* requests for reexamination.  The court found that the "PTO's determination of a substantial question of patentability supports Defendants' position, even though these orders are preliminary and any reexamination may be subject to court review under 35 U.S.C. § 306."  *Id.* at *17.  The court further stated that it

> does not assume that a reexamination order will always prevent a plaintiff from meeting their burden on summary judgment regarding willful infringement, but it does consider this as one fact among the totality of the circumstances.  It does appear that a reexamination order may be taken as dispositive with respect to post-filing conduct.

*Id*. at * 18.

Similarly, in *Plumley v. Mockett*, 2010 U.S. Dist. LEXIS 57254 (C.D. Cal. May 26, 2010), the court granted summary judgment of no willful infringement where the PTO had granted the defendants' four reexamination requests, finding that they raised substantial new questions of patentability.  The court made particular note of the fact that the defendants had been successful in persuading the PTO to reject various claims in the second reexamination request as unpatentable in view of the prior art.  *Id.* at *45.  The court ruled that the plaintiff had failed to proffer sufficient evidence on which a reasonable jury could find, by clear and convincing evidence, that the defendants acted despite an objectively high likelihood that the patent was invalid.  *Id.* at *47.

Taylor Made is mindful that courts have held that a pending reexamination is only one factor that should be considered in evaluating a claim for willful infringement.  *Safoco, Inc. v. Cameron Int'l. Corp.*, 2009 U.S. Dist. LEXIS 66187, *74-75 (S.D. Tex. July 31, 2009); *St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co.*, 2009 U.S. Dist. LEXIS 49882, *6-7 (D. Del. June 10, 2009); *Lucent*, 2007 U.S. Dist. LEXIS 95934 at *18.  However, none of those cases involved a final determination that the asserted claims of the patent were invalid.

Here, not only did the PTO grant Taylor Made's request for reexamination, but the Examiner has consistently and repeatedly rejected all of the claims of the '169 patent over the prior art..  Moreover, all of the claims of the '169 patent stand *finally* rejected as invalid over the prior art, forcing Plaintiffs to appeal.  The results of the *inter partes* reexamination of the '169 patent demonstrate the lack of an objectively high likelihood that Taylor Made infringed a valid patent.

**C.**    **The PTO's Granting Of The Reexamination Request, Initial Rejection, And Pending Determination That All But One Of The Asserted Claims Of The '450 patent Are Invalid Establishes That Taylor Made Could Not Have Been Objectively Reckless**

The *inter partes* reexamination of the '450 patent is on a different track than the reexaminations of the '852 and '169 patents.  Because the '450 patent issued after the lawsuit commenced, the request for reexamination of the '450 patent was filed later.  At this time, the PTO

has issued an Action Closing Prosecution rejecting all but one asserted claims of the '450 patent as invalid over the prior art. (Clark Decl., ¶ 14.) The rejections of the claims are not yet final, but Taylor Made expects that the Examiner will soon be issuing a Right of Appeal Notice.

The one asserted claim that stands allowed, dependent claim 8, simply recites "press fitting at least one of the plurality of weights to the shell." In the first office action, this claim was initially rejected by the Examiner as invalid. (Clark Decl., ¶ 14.) Taylor Made maintains, however, that this claim is invalid over the prior art and intends to appeal the PTO's withdraw of the rejections of claim 8. Thus, the *inter parte* reexamination of the '450 patent demonstrates the lack of an objectively high likelihood that Taylor Made infringed a valid patent.

**D.      As Demonstrated By The Concurrently Filed Non-Infringement Motion and Invalidity Motion, Taylor Made Has Strong and Legitimate Defenses of Non-Infringement And Invalidity That Preclude A Finding Of Willful Infringement**

The Federal Circuit has made clear that legitimate non-infringement defenses and credible invalidity arguments, even if unsuccessful, may be sufficient to defeat a willful infringement claim post-*Seagate*. *Spine Solutions v. Medtronic Sofamor Danek*, 620 F.3d 1305, 1319-20 (Fed. Cir. 2010); *Depuy Spine, Inc. v. Medtronic Sofamor Danek*, 567 F.3d 1314, 1336-37 (Fed. Cir. 2009); *Black & Decker, Inc. v. Robert Bosch Tool Corp.*, 260 Fed. Appx. 284, 291 (Fed. Cir. 2008) (unpublished). *See also Resqnet.com, Inc. v. Lansa, Inc.*, 533 F. Supp. 2d 397, 420 (S.D.N.Y. 2008); *OPTi, Inc. v. Apple, Inc.*, 2009 WL 4727912, * 2 (E.D. Tex. Dec. 3, 2009) (Magistrate Judge Everingham). For example, a reasonable claim construction under which an accused product would not infringe can result in a finding of no willful infringement, regardless of whether that claim construction was ultimately rejected by the Court. *Cohesive Tech., Inc. v. Waters Corp.*, 543 F.3d 1351, 1374 (Fed. Cir. 2008); *Arlington Ind., Inc. v. Bridgeport Fittings, Inc.*, 692 F. Supp. 2d 487, 504 (M.D. Pa. 2010). Such defenses establish the lack of an objectively high likelihood that the accused infringer's actions constituted infringement of a valid patent.

As more fully explained in Taylor Made's Non-Infringement Motion, Taylor Made does not infringe any asserted claims of the patents-in-suit. As discussed above, all of the asserted claims of the patents-in-suit require that "the weighting material must be placed on the 'interior' of the 'walls'" of the golf club head. (CCO, p. 21.) None of the accused products have weights attached to a "weight attachment surface on the interior of the shell." (Non-Infringement Motion, p. 10.) Rather, all of the accused products have recesses or pockets on the exterior shell of the club head for receiving weights on the exterior of the shell. (*Id*.) Further, none of the accused products have an "opening" or "port" (*Id*., pp. 20-21.),which the Court has construed to mean a "hole completely through the shell, providing access to the inside of the cavity" (CCO, p. 30).

As discussed above, Taylor Made does not infringe the asserted claims of the '450 patent on three additional grounds: (1) the claimed first and second arrangement of weights requires moving one of more of the weights to a different location in the club head, where the accused products have three or four (depending on the product) weights in fixed locations; (2) the accused products do not move the center of gravity forward of the original center of gravity; and (3) the accused products do not have a sole "formed of one or substantially planar surfaces." (Non-Infringement Motion, pp. 21-26.)

Additionally, as addressed in Taylor Made's Invalidity Motion, all of the asserted claims of the '169 and '450 patents are invalid over the prior art. Specifically, claims 9 and 10 of the '169 patent are invalid under 35 U.S.C. § 103(a) as obvious over Parente, and claims 14 and 15 of the '169 patent are invalid under 35 U.S.C. § 102(b) as anticipated by Parente. (Invalidity Motion, pp. 7-9.) Finally, claims 1, 3, 5 and 8 of the '450 patent are invalid under 35 U.S.C. § 103(a) as obvious over Parente in view of Glover. (*Id*., p. 9-12.)

Further, as addressed in Taylor Made's Invalidity Motion, all of the asserted claims of the '450 patent are invalid under 35 U.S.C. § 112(1) for failing to satisfy the written description requirement.   (Invalidity Motion, pp. 13-15.)   The claims of the '450 patent are directed to a method for adjusting the center of gravity of a golf club head after its manufacture.  (*Id.*)   The '450 patent, however fails to describe any methods for adjusting the center of gravity of a golf club by hitting golf balls in a first arrangement and then moving weights to a second arrangement, as required by claim 1.  (*Id.*)

In sum, Taylor Made has presented legitimate defenses to Plaintiffs' infringement claims, demonstrating that the accused products do not infringe any asserted claim of the patents-in-suit and that the claims of the '450 patent are invalid.  Taylor Made's strong non-infringement and invalidity claims demonstrate the lack of "an objectively high likelihood that Taylor Made took actions constituting *infringement* of a *valid* patent."  *Spine Solutions*, 620 F.3d at 1319-20; *Depuy Spine*, 567 F.3d at 1336-37; *Black & Decker*, 260 Fed. Appx. at 291.

## V.

## CONCLUSION

Based on the foregoing, Taylor Made respectfully submits that Plaintiffs cannot, as a matter of law, meet their burden to establish that Taylor Made's alleged infringement was objectively reckless in support of willfulness.  Accordingly, Taylor Made asks the Court to grant this motion and dismiss Plaintiffs' claim for enhanced damages for alleged willful infringement.

Dated:  March 29, 2011          Respectfully submitted,


By:  */s/ John F. Bufe*             
       MICHAEL E. JONES
       Texas Bar No. 10929400
       JOHN E. BUFE
       Texas Bar No. 03316930
       Potter Minton
       A Professional Corporation
       P.O. Box 359 (75710)
       110 N. College Ave.
       500 Plaza Tower
       Tyler, Texas 75702
       Telephone:  903.597.8311
       Facsimile:  903.593.0846
       Email: mikejones@potterminton.com
              johnbufe@potterminton.com

       ***Of Counsel:***

       Gary A. Clark (Cal. Bar No. 65455)
       Bridgette Agness (Cal. Bar No. 221900)
       Sheppard, Mullin, Richter & Hampton LLP
       333 S. Hope St., 48th Floor
       Los Angeles, CA 90071
       Telephone:  213.620.1780
       Facsimile:  213.620.1398

       ***Attorneys for Defendant and Counter-Claimant***
       ***Taylor Made Golf Company, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on March 29, 2011. Any other counsel of record will be served by first class mail on this date.

*/s/ John F. Bufe*
John F. Bufe