# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| DOGLEG RIGHT PARTNERS, LP., et al. § | |
| § | |
| vs. § | CASE NO. 2:07-CV-533-TJW-CE |
| § | |
| TAYLORMADE GOLF COMPANY, § | |
| INC. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's motion for partial summary judgment of non-infringement (Dkt. No. 107). Defendant contends that its motion should be granted because there is no genuine issue of material fact that, among other things, the accused products do not have weight attachment surfaces on the interior of the shell and, therefore, do not have the claimed "walls." Having carefully considered the parties' arguments, the court GRANTS Defendant's motion for summary judgment that the accused products do not have the claimed "walls."

## I. FACTUAL BACKGROUND

The three patents-in-suit in this case are U.S. Patent Nos. 7,004,852 ("the '852 Patent"), 7,189,169 ("the '169 Patent"), and 7,344,450 ("the '450 Patent"). The court held a claim construction hearing regarding the patents-in-suit on January 13, 2011 and issued its claim construction order thereafter. In view of the court's claim construction order, Plaintiffs have agreed to stipulate that Defendant does not infringe the only asserted claim of the '852 Patent. Thus, this order addresses only the asserted claims of the other two patents-in-suit. Plaintiffs assert claims 9, 10, 14, and 15 of the '169 Patent and claims 1, 3, 5, and 8 of the '450 Patent.[1]

---

[1] Claims 9, 14, and 15 of the '169 Patent and claim 1 of the '450 Patent are independent claims. Claim 10 of the '169 patent depends from claim 9, and claims 3, 5, and 8 of the '450 Patent depend from claim 1.

1

## II. LEGAL STANDARD

Summary judgment is proper if the pleadings and evidence show that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-55 (1986). "Summary judgment is as appropriate in a patent case as it is in any other case." *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 672 (Fed. Cir. 1990). When the summary judgment movants demonstrate the absence of a genuine dispute over any material fact, the burden shifts to the non-movant to show there is a genuine factual issue for trial. *Celotex*, 477 U.S. at 323-24. The court must draw all reasonable inferences in favor of the non-moving party. *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed. Cir. 2007).

An infringement analysis requires comparison of the construed patent claims to the accused devices. *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1577 (Fed. Cir. 1993). This determination of infringement is a question of fact. *Wright Med. Tech., Inc. v. Osteonics Corp.*, 122 F.3d 1440, 1443 (Fed. Cir. 1997). In the absence of a genuine dispute regarding the structure or function of the accused product, the question of infringement may collapse into one of claim construction and thus is well suited for summary judgment. *Wang Labs., Inc. v. Am. Online, Inc.*, 197 F.3d 1377, 1381 (Fed. Cir. 1999); *Laitram Corp. v. Morehouse Indus., Inc.*, 143 F.3d 1456, 1461-62 (Fed. Cir. 1998). Literal infringement requires the accused device to contain each claim limitation exactly. *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed. Cir. 2001); *Litton Sys., Inc. v. Honeywell, Inc.*, 140 F.3d 1449, 1454 (Fed. Cir. 1998). As a matter of law, the absence of a single claim limitation from the accused product precludes literal infringement. *Wolverine World Wide Inc. v. Nike, Inc.*,

38 F.3d 1192, 1196 (Fed. Cir. 1994). A dependent claim cannot be infringed unless the claim from which it depends is infringed. *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9 (Fed. Cir. 1989).

## III. APPLICATION

Each of the asserted independent claims recites a similar limitation requiring a plurality of weights to be secured to the walls of the shell of the club head. *See* '169 Patent at Claim 9, 14, 15; '450 Patent at Claim 1. Defendant contends that it is entitled to summary judgment because the accused products do not contain the claimed "walls." Plaintiff, however, argues that there is a genuine issue of material fact as to whether the accused products contain "walls." The parties' disagreement arises out of their differing interpretations of the court's construction of the "wall" limitation. The court will first address this disagreement.

In its claim construction order, the court construed "wall" to mean "a distinct structure that forms a weight attachment surface on the interior of the shell." The court explained that:

> The patents-in-suit continuously refer to the "interior cavity 118." '169 Patent at 2:55-62. It is in this "interior cavity" that the weighting material is placed. *Id.* at 2:61-64 (stating that "[a] removable port cover 120 provides access to the interior cavity 118, allowing placement of weighting material, such as lead tape, into the interior cavity 118."). As such, the court concludes that the weighting material must be placed on the "interior" of the "walls."

Dkt. No. 103 at 21. Defendant contends that the court meant to equate the language "interior of the shell" to "interior cavity 118" and, therefore, require that the weight attachment surface be inside the interior cavity of the golf club head. Plaintiffs, on the other hand, argue that since the court chose not to include Defendant's proposed "interior cavity" language in its construction of "wall," the court did not intend to require that the weight attachment surface be inside the interior cavity of the golf club head.

Plaintiffs are incorrect. The court's construction of "wall" was intended to require that the weight attachment surface be inside the interior cavity of the golf club head. First, as the court explained in its claim construction order, the patents-in-suit continuously refer to "interior cavity 118" and explain that the weighting material is placed within this cavity. *See* '169 Patent at 2:54-64. Furthermore, the drawings and specification of the patents-in-suit show and describe only embodiments of club heads that have the weighting materials secured to the interior cavity of the hollow club head. *See, e.g.*, '169 Patent at Abstract, 2:21-23, 2:54-64; '450 Patent at Abstract, 3:17-21, 3:55-62, 4:12-17, 6:3-5. Finally, as explained immediately below, Plaintiffs' contention that the weighting material need not be placed within the interior cavity of the club head runs contrary to the prosecution history of the '852 Patent.

Claim 1 of the application for the '852 Patent became claim 1 of the issued patent. As originally filed on January 10, 2002, claim 1 recited:

> 1. A golf club head comprising:
>
> > a golf club head having a housing forming a cavity; and
>
> > a port formed through the housing to allow placement of material to adjust the center of gravity of the golf club head.

In a first Office Action, the examiner rejected claim 1 as anticipated by four prior art patents, including U.S. Patent No. 5,050,879 to Sun et al. ("Sun") and U.S. Patent No. 4,340,230 to Churchward ("Churchward"). In support of his rejection of claim 1 over Sun, the examiner stated that "Figures 2 and 3 clearly show a housing forming a cavity. A port is formed in the lower sole portion to allow material such as weights (20) to be placed within the cavity in order to adjust the location of the center of gravity." Figure 2 from Sun is representative and is reproduced below:



Fig. 2

In rejecting claim 1 over Churchward, the examiner similarly stated "Figures 4 and 5 clearly show a club head having a housing forming a cavity. At least one port is formed through the housing to allow placement of weight material within the housing." Figure 4 from Churchward is representative and is reproduced below:



In response to the rejections in the first Office Action, the applicant filed an amendment, in which he amended claim 1 as follows (additions underlined):

1. A golf club head comprising:

> a golf club head having a <u>substantially hollow</u> housing <u>displacing an exterior volume and having walls</u> forming a cavity <u>therebetween having an interior volume at least 50% as great as said exterior volume</u>; and
> a port formed through the housing to allow placement of material <u>at one or more positions on an interior surface of at least one of said walls</u> to adjust the center of gravity of the golf club head.

5

In his accompanying remarks, the applicant explained how these amendments were intended to distinguish over the cited prior art patents. The applicant noted that both Sun and Churchward disposed their weights in cavities formed in their outer walls. The applicant also noted that Sun's and Churchward's weight cavities were small, having volumes "much less than 50%." But most significantly, the applicant pointed out that in neither Sun nor Churchward "may the weights…be placed *inside the cavity of the housing, as in the present invention defined by claims 1, 10 and 19.*" (emphasis added). The applicant specifically contrasted his claimed invention with Sun by stating:

> To the contrary, the weights 20 of Sun '879 are disposed in relatively small cavities 20 on the bottom of the head, the cavities clearly having a total volume much less than 50% of the exterior volume of the golf club head.

The applicant used identical language to contrast his claimed invention with Churchward's disclosure of weighting inserts 19 in small cavities 18 on the back of the head. Thus, the court concludes that the applicant distinguished his invention over the prior art on the basis that, among other things, his invention required placing weighting material in an interior cavity having a volume of at least 50% of the exterior volume of the club head.

Considering this, the court concludes that Plaintiffs' argument that the weighting material need not be placed in the interior cavity of the hollow golf club head runs contrary to both the description of the invention as reflected in the specification and embodiments and the prosecution history of the '852 Patent. Construing "walls" to require that the weighting material be placed in the interior cavity of a hollow golf club head both secures to the patentee his actual invention and preserves the validity of his claims. As such, the court agrees with Defendants that the court's construction of "walls" requires weight attachment surfaces in the interior cavity of the hollow club head.

As explained above, the absence of a single claim limitation from the accused product precludes literal infringement. *Wolverine World Wide Inc. v. Nike, Inc.*, 38 F.3d 1192, 1196 (Fed. Cir. 1994). Hence, the court must next determine whether the accused products contain the "walls" limitation. *Telemac Cellular Corp.*, 247 F.3d at 1330; *Litton Sys., Inc.*, 140 F.3d at 1454. Defendant's expert contends that the accused products do not have weights or weighting material in their interior cavities – i.e., on the "interior" of the "walls" of the shell. According to Defendant's expert, the accused products have recesses or pockets on the exterior of the club head for receiving weight screws, but they do not allow a user or a tool to access the interior of the cavity to place weights or weighting material on the interior of the walls of the shell. Therefore, Defendant's expert concludes that the "wall" limitation is not literally met by the accused products.

Plaintiffs do not argue that the accused products have weight attachment surfaces in the interior cavity of the club head. Rather, Plaintiffs argue that the accused products literally satisfy the "wall" limitation because: (1) each pocket or recess in the accused products is a distinct structure; (2) when a weight is installed in a pocket, it is threaded into the 5 mm diameter hole at the bottom such that the hole provides a weight attachment surface for the screw portion of the weight; and (3) the threaded hole at the bottom of each pocket is within the interior of the hard outer covering that forms the shell. Plaintiffs' argument, however, arises from an incorrect interpretation of the court's construction of wall and, therefore, does not raise a genuine issue of material fact with regard to whether the "wall" limitation is included in the accused products. *See Celotex*, 477 U.S. at 323-24.

Considering this, the court concludes that there is no genuine issue of material fact that the accused products do not contain "a distinct structure that forms a weight attachment surface

on the interior of the shell" – i.e., the "wall" limitation is absent from the accused products. As such, because the "wall" limitation is recited in each of the asserted independent claims of the patents-in-suit, the court concludes that there is no genuine issue of material fact that the accused products do not literally infringe any of the asserted claims of the patents-in-suit. *See Wahpeton Canvas Co.*, 870 F.2d at 1552 n.9 (explaining that a dependent claim cannot be infringed unless the claim from which it depends is infringed).

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS Defendant's motion for partial summary judgment of non-infringement.

SIGNED this 6th day of June, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE